UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 26-cv-60294-AHS

JAMES WATSON

      Plaintiff,

v.

WATERTON RESIDENTIAL, LLC,
d/b/a One Plantation

      Defendant.

_____/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, James Watson ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against Defendant, Waterton Residential, LLC, d/b/a One Plantation ("Defendant"), for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*. and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et. seq.

1.      Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202 and the Fair Housing Act

**Page 1 of 14**

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, and the ADA Amendments Act of 2008, ("AADG") 42 U.S.C. §12101, and the 28 C.F.R. §36.105(b)(2) and a person with a handicap under 42 U.S.C. § 3603 (h).

4. Plaintiff is legally blind, and substantially limited in performing one or more major life activities, including, but not limited to, seeing, accurately visualizing his world, and adequately traversing obstacles. As such, is a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101, et seq., and 42 U.S.C. §3602(h).

5. Plaintiff uses screen-reader software, including JAWS, which converts visual website content into speech and allows blind users to navigate websites through keyboard commands. In the modern rental housing market, prospective tenants are expected to use online platforms to obtain housing-related information, evaluate housing options and pursue rental opportunities. By maintaining an inaccessible website, Defendant denies blind persons equal access to housing related information and services available to sighted persons.

6. Plaintiff uses the internet to obtain information about residential housing, including availability, pricing, amenities, accessibility features, and to evaluate whether housing providers offer equal access to individuals who are blind. Plaintiff also monitors provider websites to access compliance with federal disability rights laws. Plaintiff's status as a tester does not negate his concrete injury.

7. Defendant is a "person" within the meaning of 42 U.S.C. §3602(d) and leases "dwellings" under 42 U.S.C. § 3602(b), making them subject to the FHA.

8. Defendant, Waterton Residential, LLC, is a foreign limited liability company,

authorized to conduct business in the State of Florida that, upon information and belief, owns, and/or operates, a luxury residential apartment community known as "One Plantation" located at 1650 SW 78th h Avenue, Plantation, FL 33324, and open to the public. As such, a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act ("ADA"), including 42 U.S.C. §§ 12181(7)(E) and 12182, and 28 C.F.R. § 36.104. Defendant also promotes and provides access to its apartment community and related services through its website, which serves as a nexus to Defendant's physical location and is likewise subject to the ADA and the FHA 42 U.S.C. §§ 3601.

9.      This Court has personal jurisdiction over Defendant, pursuant to the Fla. Stat. § 48.193(1)(a)(1), because Defendant operates, conducts, engages in, and carries on business within the State of Florida, including within this Judicial District, for pecuniary benefit, through the ownership, management, and/or operation of its luxury apartment community.

10.     Defendant, operates and promotes its residential apartments community through its commercial website https://www.oneplantationapartments.com/. The website is interactive and transactional in nature, provides housing information allowing users - including residents of Florida - to access essential information regarding Defendant's rental community including location, business hours, floor plans, pricing, and community features; to schedule in-person or live video tours; check availability; apply to lease unit(s) and contact "One Plantation" directly. The website serves as a central platform for marketing, customer engagement, and online leasing-related transactions, and is fully integrated with Defendant's brick-and-mortar residential operations.

11.     Plaintiff, a resident of Florida, attempted to access and use Defendant's website, https://www.oneplantationapartments.com/ from within this District but encountered multiple

digital barriers that denied Plaintiff full and equal access to the services, privileges, and advantages offered by Defendant, in violation of Title III of the ADA. Defendant's integrated online and brick-and-mortar operations constitute a general course of business activity conducted in the State of Florida for pecuniary benefit, thereby satisfying personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1).

12.     The exercise of personal jurisdiction over Defendant further satisfies the requirements of due process. Defendant has purposefully availed itself of the privileges of conducting business in Florida by operating its rental apartment community within this District and by maintaining an interactive website through which Florida residents can engage with its services. This lawsuit arises from that business activity. Therefore, it is fair and reasonable to require Defendant to defend this case in Florida.

13.     Because Defendant's leasing office, rental establishment is open to the public, its physical location constitutes a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulations, including 42 U.S.C. §§ 12181(7)(E), 12182, and 28 C.F.R. § 36.104. Defendant also promotes and offers its dwelling units, services, and apartments to the public through its website, which is integrated with and serves as an extension of Defendant's brick and mortar location.

14.     Since the effective date of the ADA and the FHA, Defendant has constructed, caused to be constructed, and/or become a beneficiary of the website: https://www.oneplantationapartments.com/ ("Website"). Defendant is the owner, operator, lessor, and/or lessee of the website, which operates in conjunction with and as a complementary and supplemental extension of Defendant's residences community. The website provides the public with housing information regarding the services, accommodations, privileges, benefits, and

facilities available to patrons at "One Plantation" community. Defendant also offers the public the ability to schedule a tour, check availability, and contact them directly through the website, which functions as a point of sale for goods and services available in, from, and through Defendant's brick and mortar location. Upon information and belief, Defendant regularly updates, maintains, and derives substantial benefit from the operation of the website in connection with its residential apartment community.

15.     Defendant's website serves as a leasing and marketing platform offered as a means for the public to obtain information about "One Plantation", including office location, business hours, floor plans, in-unit features, pricing, and amenities.  The website is an extension of Defendant's physical place of public accommodation, including its on-site leasing office and related facilities. Through the website, users can explore community amenities and lifestyle features, check current availability, complete a lease application through the "Apply Now" option integrated into the site interface, contact and communicate with their office online. By offering these features, the website enables prospective tenants to access information and engage in activities directly related to visiting and leasing units at Defendant's apartment community, and functions as an integral component of the goods and services offered by Defendant at "One Plantation". Thus, the website is subject to the requirements of Title III of the ADA, 42 U.S.C. § 12181(7)(E), and its implementing regulations, including 28 C.F.R. § 36.104 and the FHA 42 U.S.C. § 3604 (a)(2).

16.     Defendant's website provides access to the benefits of Defendant's apartment community.  Plaintiff was denied those benefits when he could not access Defendant's website in violation of the ADA and the FHA.  The website constitutes a service, privilege, and advantage provided in connection with the rental of dwellings.  By maintaining an inaccessible website,

Defendant denies blind individuals the ability to independently access and evaluate housing related information and opportunities on equal terms with sighted members of the public, in violation of the ADA and FHA. Accordingly, the website is integrated with, and has a sufficient nexus to, Defendant's brick-and-mortar location. Therefore, it is governed by the following provisions:

a.     42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.     42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]'

c.     42 U.S.C. Section 3604(c)(2)(a) makes it unlawful to discriminate against any person in the terms, conditions or privileges of a sale or rental of a dwelling, or the provision of services or facilities in connection with such dwelling because of a handicap of that person.

17.     As the owner, operator, and/or beneficiary of the subject website, Defendant is required to comply with the ADA, the FHA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired people so that they can enjoy full and equal access to the website and the content therein, including the ability to schedule a tour, submit a rental application, and contact their office through the website.

18.     Since the website is open to the public through the internet, by this nexus the website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar location that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical locations. As such, Defendant has subjected itself and the website to the requirements of the ADA.

19.     Plaintiff attempted to access and/or utilize Defendant's website to access housing information including location, pricing, amenities, and availability and encountered accessibility barriers that prevented him from fully accessing the website. Features of the website that are inaccessible include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.     Guideline 1.3.1 – Info and Relationships. The property map on the 'Interactive Property Map' page is not accessible to screen reader users. When the map is encountered with arrow key navigation, it is announced only as "copyright 2025 Engrain," which provides no meaningful context. The map relies on visual indicators to show where the currently available apartments are located on the property when a floor option is selected above the map. This information is conveyed through color changes that are not communicated to screen reader users and are not available elsewhere on the page. As a result, screen reader users do not have access to the same property layout and unit location information that is presented visually. *Note: This same behavior is also observed when interacting with the map on the 'Floor Plans' page. **Note: There are no accessibility options available on the site.

ii.     Guideline 2.1.1 – Keyboard. When the 'Virtual Tour' dialog is opened on the 'Floor Plans' page, keyboard focus moves into the dialog, but several interactive controls are either unlabeled or unreachable using the keyboard. The 'Tour' and 'Videos' buttons located on the left side of the dialog are announced only as "button," providing no information about their purpose. While focus moves to a limited set of controls, including auto-rotate, full-screen, share, and the close button, other controls in the lower left corner of the dialog never come into focus. As a result, screen reader users are presented with an incomplete and confusing interaction, with no clear understanding of the available features or consistent access to the dialog's controls.

iii.    Guideline 2.1.1 – Keyboard (2). When the '360 Tour' dialog is opened on the 'Floor Plans' page, keyboard focus moves into the dialog, but access to the available controls is limited and inconsistent. The 'Tour' and 'Videos' buttons receive focus first, but both are announced only as "button," providing no information about their purpose. Focus then moves to only a small subset of additional controls, including auto-rotate, full screen, a menu toggle, and the close button, while multiple other interactive controls displayed along the bottom of the dialog do not receive focus at all. When the menu toggle is selected, a menu is visually expanded; however, focus does not move into the expanded menu, and the next tab key press immediately returns focus to the close button instead. As a result, screen reader users are unable to access several available features and are presented with an incomplete and confusing interaction within the dialog.

iv.    Guideline 2.4.3 - Focus Order. The contact options menu that overlays the footer is not accessible to screen reader users. This menu is present upon first entering the site but does not come into focus until after navigating through the footer. When focus does finally reach the menu, it lands only on the 'Minimize' button, and the available menu options are then announced together rather than as individual, navigable controls. With the next tab key press, focus moves out of the menu and then returns to the toolbar, preventing users from accessing any of the contact options. If the 'Minimize' button is activated, the menu closes and focus still returns to the toolbar. As a result, screen reader users are unable to access or use any of the contact options provided within the menu.

v.    Guideline 2.4.3 - Focus Order (2). The 'Schedule a Tour' dialog that can be opened with the 'Book a Tour' button in the contact options menu is not accessible to screen reader users. As noted in Issue 2.4.3, the contact options menu is not accessible as expected; however, even if the user is able to open this dialog, required content within the dialog cannot be reached. Focus moves only through the fields in the 'Your Information' section and does not move to the tour type options, date and time buttons, or the 'Schedule Tour' button at the bottom of the dialog. As a result, screen reader users cannot make selections or complete the tour scheduling process using this dialog.

vi.    Guideline 4.1.2 - The 'Map View' button is not labeled on the 'Interactive Property Map' page. It is announced only as "open menu button submenu," which provides no meaningful context. When the button is selected, a menu is expanded, and the screen reader indicates that three results are available and navigable with the arrow keys. However, as the user navigates the menu using the arrow keys, no announcements are made to identify the available options or indicate which option is currently in focus. Although focus visibly moves through the menu, this movement is not conveyed to screen reader users, preventing them from perceiving whether focus is moving or which option is currently in focus. *Note: This same behavior is also observed when interacting with the button on the 'Floor Plans' page.

    20.    The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may

relate to various third-party vendor platforms does not absolve Defendant of culpability. Because

leasing offices /rental establishments are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(E). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third-party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

21. Plaintiff intends to return to Defendant's website monthly to review housing related information and to determine whether the accessibility barriers that previously denied him equal access have been remedied.

22. That barriers encountered on Defendant's website caused Plaintiff frustration, humiliation, and a sense of exclusion from equal participation in the housing market and denied him the same ability to independently access housing related information as sighted members of the public.

**COUNT I-VIOLATION OF THE AMERICANS**
**WITH DISABILITIES ACT**

23. Plaintiff realleges and incorporates paragraphs 1-22.

24. As more specifically set forth above, Defendant has violated the above provisions of the ADA by failing to interface its website with software used by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying

Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

       a.      by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

       b.      in failing to allow Plaintiff to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

       c.      by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

       d.      by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

       e.      by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

25.     As the result of the barriers to communication which are present within the website

and by continuing to operate and/or benefit from the website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the public.

26.     By encountering the discriminatory conditions at Defendant's website and knowing that it would be a futile gesture to attempt to use the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the public.

27.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the ADA and conform the website to WCAG 2.1 Level A and AA Guidelines.

28.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to this website as described above. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to access the website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website has complied with the ADA so that he and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

29.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant under 42 U.S.C. § 12205 and 28 CFR 36.505.

30.     Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

### COUNT II—VIOLATION OF THE FAIR HOUSING ACT

32.     Plaintiff realleges and incorporates paragraphs 1-22.

33.     The FHA prohibits discrimination in terms, conditions, privileges of renting a dwelling and the provision of services in connection with housing because of disability.

34.     Defendant provides housing and housing related services through its website.

35.     The website is a service and privilege in connection with the rental of dwellings at One Plantation.

36.     By maintaining an inaccessible website, Defendant has denied blind individuals equal access to housing related services in violation of 42 U.S.C. § 3604(f)(2).

37.     Equal access to housing related information provided through apartment websites is fundamental component of equal access to housing.  By denying such access, Defendant has discriminated

38.     As a direct result, Plaintiff suffered denial of equal access, frustration, humiliation, emotional distress, and deterrence.

WHEREFORE Plaintiff, James Watson demands judgment against Defendant, Waterton Residential, LLC, d/b/a One Plantation, and requests the following injunctive and declaratory relief:

a.  The Court issue a Declaratory Judgment that determines that the Defendant's website

at the commencement of the subject lawsuit is in violation of Title III of the ADA, 42 U.S.C. § 12181 et seq. and the FHA;

b.  The Court issue a Declaratory Judgment that determines that Defendant's website is in violation of Title III of the ADA, 42 U.S.C. § 12181 et seq. and the FHA;

c.  The Court issue a Declaratory Judgment that Defendant has violated the ADA and FHA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

d.  That this Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA and the FHA;

e.  That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.  That this Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.  An award of attorney's fees, costs and litigation expenses under 42 U.S.C. § 12205 and/or the FHA; and,

h.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act and the FHA.

Respectfully submitted this day of February 11, 2026.

By: /s/ J. Courtney Cunningham
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC**

8950 SW 74th Court, Suite 220,
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2026, an electronic copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties and Counsel of record.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC**
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*